Hillsborough,  
June, 1896.

HUNT, *Receiver, v.* LACONIA & LAKEPORT STREET RAILWAY.

Dividends upon stock pledged as collateral security are the property of the pledgee.

ASSUMPSIT, for dividends declared by the defendants on thirty shares of their stock. Facts agreed. The plaintiff brings the action as receiver of the People's Fire Insurance Company. He holds, and has held since its issue, a certificate for thirty shares of the defendants' stock, which reads on its face : " To People's Fire Insurance Company as collateral for Cora L. Brookhouse, note of $2,500, dated Nov. 20, 1892." The defendants' stock ledger has the following record in relation to thirty shares of stock :

PEOPLE'S FIRE INSURANCE COMPANY AS COLL.

| 1893. | | | Transf. | Certif. | Share. |
|---|---|---|---|---|---|
| Dec. | 30. | Cora L. Brookhouse............ | 7 | 36 | 30 |

The plaintiff holds the certificate as collateral security for a note of Brookhouse for $2,500. The par value of the stock is $50 a share, and the market value does not exceed that sum. The dividends sued for were declared during the time the plaintiff held the certificate, and the defendants paid them to Brookhouse, believing she was entitled to receive them, but without the order or consent of the plaintiff. The plaintiff never gave any instructions respecting the payment of dividends, and did not demand payment of dividends until after the payment to Brookhouse.

*David Cross*, for the plaintiff.

*Charles F. Stone*, for the defendants.

BLODGETT, J. The pledge of the stock was a pledge of the dividends accruing on it during the continuance of the pledge, and gave the pledgee the legal title to both alike. *Savings Bank* v. *Marshall, ante, p.* 417, and authorities cited.

Upon the facts appearing in the case, the payment of the dividends to the pledgor was without legal justification, and affords no bar to the plaintiff's recovery.

*Judgment for the plaintiff.*

All concurred.